IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYCHEL ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>ADCOM GROUP INC. and RICHARD HUNT,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

## ORIGINAL COMPLAINT

Plaintiff—Mychel Anderson ("Anderson")—brings this action against Defendants—ADCOM Group Inc. ("ADCOM") and Richard Hunt ("Hunt")—to recover compensation, liquidated damages, attorneys' fees and costs, and other damages allowed by law, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, the Washington Minimum Wage Act, WASH. REV. CODE ANN. §§ 49.46.005–49.46.920 ("WMWA"), and Wage Rebate Act, WASH. REV. CODE ANN. §§ 49.52.010–49.52.090 ("WRA") (the WMWA and WRA will be referred to collectively as the "Washington Acts").

### I.   OVERVIEW

1.1   This lawsuit is brought to recover unpaid overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA and Washington Acts.

1.2   Plaintiff Anderson worked for Defendants as a loan processor.

COMPLAINT -

ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401
(361)452-1284

1.3     Plaintiff Anderson routinely worked in excess of forty (40) hours per workweek.

1.4     During the relevant time period, Defendants knowingly and deliberately failed to compensate Plaintiff Anderson overtime of at least one and one-half her regular rate for all hours worked in excess of forty (40) hours per workweek.

1.5     Specifically, Defendants' regular practice from 2018 until 2019 was to pay overtime compensation based only on Plaintiff Anderson's hourly rate and not her true regular rate. That is, Defendants failed to include Plaintiff Anderson's non-discretionary bonuses in her regular rate of pay when calculating her overtime compensation.

1.6     Defendants' regular practice from 2020 until the end of her employment was to pay Plaintiff Anderson straight time for overtime. That is, Plaintiff Anderson was only paid her regular hourly rate for all hours worked, even those hours worked in excess of forty (40) hours in a workweek.

1.7     The effect of Defendants' practice was that Plaintiff Anderson was not properly compensated at time-and-one-half her regular rate for any overtime hours worked.

1.8     The decision by Defendants to not to pay overtime compensation to Plaintiff Anderson was neither reasonable nor in good faith.

1.9     Plaintiff Anderson did not perform work that meets the definition of exempt work under the FLSA.

1.10    Plaintiff Anderson seeks to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA and Washington Acts.

## II.     PARTIES

2.1     Plaintiff Anderson worked for Defendants as a Loan Processor in Kirkland, Washington during the relevant time period. Plaintiff Anderson did not receive proper overtime compensation for all hours worked in excess of forty (40) hours per workweek.

2.2     Defendant ADCOM is a domestic for-profit corporation licensed in and doing business in the State of Washington. Defendant ADCOM may be served through its registered agent for service: Richard Hunt, 135 Lake St. S. Ste 230, Kirkland, Washington 98033-6435.

COMPLAINT -

ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401
(361)452-1284

2.3   Defendant Hunt is the President of Defendant ADCOM. Defendant Hunt is an employer as defined by 29 U.S.C. § 203(d). Defendant Hunt may be served with service of process at: 135 Lake St. S. Ste 230, Kirkland, Washington 98033-6435, or wherever he may be found.

2.4   Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiff Anderson. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Washington Acts, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.   JURISDICTION & VENUE

3.1   This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

3.2   This Court has supplemental jurisdiction over the additional Washington state law claims pursuant to 28 U.S.C. § 1367.

3.3   Plaintiff Anderson has not entered into any arbitration agreement that would affect the Court's subject-matter jurisdiction.

3.4   This Court has general and specific personal jurisdiction over Defendants because they purposely availed themselves of the privilege of conducting activities within Washington; they have sufficient contacts with Washington in general and with respect to Plaintiff Anderson's claims; and exercising jurisdiction over them does not offend traditional notions of fair play and substantial justice.

3.5   Venue is proper pursuant to 29 U.S.C. § 1391(b) in the Western District of Washington because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff Anderson's claims occurred.

3.6   Specifically, Defendant ADCOM's headquarters is located in Kirkland, Washington and Plaintiff Anderson worked for Defendants in Kirkland, Washington—all of which is located in this District and Division.

## IV. ADDITIONAL FACTS

4.1 ADCOM helps its customers locate and secure loans.[1]

4.2 Hunt is the owner and operator of Defendant ADCOM.

### Defendants are Joint Employers

4.3 Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

4.4 Defendants directly or indirectly hired Plaintiff Anderson.

4.5 Defendants controlled Plaintiff Anderson's work schedules and conditions of employment.

4.6 Defendants determined Plaintiff Anderson's rate and method of payment of wages.

4.7 Defendants maintained control, oversight, and direction over Plaintiff Anderson, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

4.8 Defendants mutually benefitted from the work performed by Plaintiff Anderson.

4.9 Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff Anderson.

4.10 Defendants shared the services of Plaintiff Anderson.

4.11 Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff Anderson.

4.12 Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

4.13 Defendants had the power to hire and fire Plaintiff Anderson.

4.14 Defendants maintained Plaintiff Anderson's employment records.

4.15 As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Washington Acts, including the

---

[1] https://hometrustloans.com/about.php

COMPLAINT -

overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### Defendants Failed to Pay Plaintiff the Correct Amount of Overtime

4.16    Plaintiff Anderson worked as a Loan Processor in Kirkland, Washington from approximately September of 2018 until November of 2022.

4.17    Plaintiff Anderson's primary job duties included communicating with customers and assembling, administering, and processing loan applications.

4.18    Defendant Hunt started Defendant ADCOM in September of 2018.

4.19    Defendant Hunt approached Plaintiff Anderson about leaving her then-current employer to help Defendant Hunt get his new business (ADCOM) off the ground.

4.20    Plaintiff Anderson accepted the offer of employment with Defendants.

4.21    Defendants agreed to pay Plaintiff Anderson thirty dollars and fifty cents ($30.50) per hour.

4.22    Defendants also agreed to pay Plaintiff Anderson commissions and other non-discretionary bonuses that were based on the loans she processed.

4.23    Initially, Defendants paid Plaintiff Anderson overtime for her hours worked in excess of forty (40) hours in a workweek.

4.24    Indeed, Defendants encouraged Plaintiff Anderson to work overtime hours regularly to help get the new business off the ground. Defendants told Plaintiff Anderson to work as much overtime as she wanted because they were a new business with a lot of work that needed to be done.

4.25    Although Plaintiff Anderson regularly worked overtime hours, Defendants failed to pay her the correct rate of overtime.

4.26    Specifically, Defendants failed to include Plaintiff Anderson's non-discretionary bonuses in her regular rate of pay for purposes of calculating her overtime rate.

4.27    Defendants only calculated Plaintiff Anderson's overtime rate based on her hourly rate, instead of her regular rate and as a result failed to pay Plaintiff Anderson the correct amount of overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

**Defendants Failed to Pay Plaintiff Any Overtime**

4.28    In late 2019, Defendant Hunt approached Plaintiff Anderson and informed her that the overtime wages she was earning were too much of a financial burden on the business. Defendant Hunt stated that instead of paying Plaintiff Anderson overtime compensation, Defendants instead would pay her straight time for all hours worked and she would receive a profit-sharing bonus at the end of the year.

4.29    Defendants continued to require and encourage Plaintiff Anderson to work as many hours as she could each week.

4.30    Starting in 2020, Defendants began paying Plaintiff Anderson straight time for all hours worked.

4.31    At the end of 2020, Defendants did not pay Plaintiff Anderson her promised profit-sharing bonus.

4.32    When questioned by Plaintiff Anderson about the bonus, Defendant Hunt informed Plaintiff Anderson he could not pay her any profit-sharing bonus but that next year she would receive a larger bonus to compensate her for waiting.

4.33    At the end of 2021, Defendants—again—did not pay Plaintiff Anderson her promised profit-sharing bonus.

4.34    When questioned by Plaintiff Anderson about the bonus, Defendant Hunt informed Plaintiff Anderson he could not pay her any profit-sharing bonus but that next year she would receive a much larger bonus to compensate her for waiting.

4.35    In October of 2022, Defendants informed Plaintiff Anderson she would not receive a profit-sharing bonus at the end of the year.

COMPLAINT -

4.36 Plaintiff Anderson protested that Defendants had been paying her incorrectly for years and demanded that they pay her the profit-sharing bonus she had been promised and pay her for her overtime.

4.37 After several discussions, Defendants declined to pay Plaintiff Anderson her overtime but did pay her a profit-sharing bonus of $12,000 in November of 2022.

4.38 Plaintiff Anderson again requested her owed overtime from Defendant Hunt, but as of this filing Defendants have refused to pay Plaintiff Anderson her wages.

4.39 Defendants classified Plaintiff Anderson as exempt from receiving overtime compensation under the FLSA or the Washington Acts.

4.40 However, Plaintiff Anderson did not perform work that would qualify her as exempt from overtime under any of the FLSA or Washington Acts overtime exemptions.

4.41 Defendants paid Plaintiff Anderson a straight hourly wage for all hours worked but failed to pay her time-and-one-half of her regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

4.42 Defendants knew Plaintiff Anderson was not an exempt employee, and Defendants only chose to not pay overtime compensation because they believed her overtime wages were too expensive. Defendants' misclassification of Plaintiff Anderson, thus, was a willful violation of the FLSA and Washington Acts.

4.43 Defendants did not pay Plaintiff Anderson the amount of overtime compensation required by the FLSA and the Washington Acts for all hours worked in excess of forty (40) in a workweek.

4.44 Indeed, Defendants purposely withheld Plaintiff Anderson's overtime wages in an effort to save costs.

4.45 Defendants knew they were violating the FLSA and Washington Acts by not compensating Plaintiff Anderson for the proper amount of overtime compensation because they originally did pay her overtime compensation.

COMPLAINT -

4.46   Defendants knew or should have known that their failure to pay overtime to Plaintiff Anderson would cause and did cause financial injury to Plaintiff Anderson.

4.47   Because Defendants knowingly failed to compensate Plaintiff Anderson time-and-a-half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violate the FLSA and Washington Acts.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Alleging Violation of the FLSA)**

**A.   FLSA COVERAGE**

5.1   All previous paragraphs are incorporated as though fully set forth herein.

5.2   At all material times, Defendants were employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.3   At all material times, Defendants were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.4   At all material times, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

5.5   During the respective periods of Plaintiff's employment by Defendants, she provided services for Defendants that involved interstate commerce for purposes of the FLSA.

5.6   In performing work for Defendants, Plaintiff Anderson was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

COMPLAINT -

5.7     Specifically, Plaintiff Anderson was a non-exempt employee who worked for Defendants and was engaged in commercial services that were directly essential to the providing of goods and services by Defendants to their customers. 29 U.S.C. § 203(j).

5.8     At all material times, Plaintiff Anderson was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

5.9     In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

5.10    All previous paragraphs are incorporated as though fully set forth herein.

5.11    Defendants violated provisions of §§ 7 and 15 of the FLSA (29 U.S.C. §§ 207 & 215(a)(2)) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one-and-one-half times their regular rates.

5.12    Plaintiff Anderson has suffered damages and continues to suffer damages as a result of Defendants' acts and omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff Anderson would be able to precisely calculate damages.

5.13    Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff Anderson overtime compensation.

5.14    Defendants knew or should have known their pay practices were in violation of the FLSA.

5.15    Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

5.16    Plaintiff Anderson, on the other hand, is an unsophisticated employee who trusted Defendants to pay overtime in accordance with the law.

5.17   The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

5.18   Accordingly, Plaintiff Anderson is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times her regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Alleging Violation of the WMWA)

**A.   WMWA COVERAGE**

5.19   All preceding paragraphs are incorporated as though fully set forth herein.

5.20   At all material times, each Defendant has been an "employer" within the meaning of the WMWA. *See* WASH. REV. CODE ANN. § 49.46.010(4).

5.21   At all material times, Plaintiff Anderson has been an "employee" within the meaning of the WMWA. *See* WASH. REV. CODE ANN. § 49.46.010(3).

5.22   At all material times, Plaintiff Anderson was "employed" by Defendants and was a covered employee entitled to the protections of the WMWA and was not exempt from the protections of the WMWA. *See* WASH. REV. CODE ANN. § 49.46.010(2).

5.23   The employers, Defendants, were not exempt from paying overtime benefits under the WMWA.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE WMWA**

5.24   All previous paragraphs are incorporated as though fully set forth herein.

5.25   The WMWA requires that employees, including Plaintiff Anderson, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* WASH. REV. CODE ANN. § 49.46.130(1).

5.26   Plaintiff Anderson has been employed by Defendants and has been a covered employee entitled to the protections of WMWA.

5.27   Plaintiff Anderson is not exempt from receiving the overtime benefits under the WMWA.

COMPLAINT -

ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401
(361)452-1284

5.28    Plaintiff Anderson worked more than forty (40) hours in workweeks during times relevant to this case.

5.29    However, Defendants violated the WMWA by failing to pay Plaintiff Anderson her appropriate overtime wage for all hours worked in excess of forty (40) hours in a workweek.

5.30    Plaintiff Anderson is entitled to recover her unpaid overtime wages, attorneys' fees, costs, and all other legal and equitable relief provided by the WMWA. *See* Wash. Rev. Code Ann. § 49.46.090.

### THIRD CAUSE OF ACTION

### (Alleging Violation of the WRA)

**A.    WRA COVERAGE**

5.31    All preceding paragraphs are incorporated as though fully set forth herein.

5.32    At all material times, Defendant ADCOM has been an "employer" within the meaning of the WRA. *See* WASH. REV. CODE ANN. § 49.52.050.

5.33    At all material times, Defendant Hunt has been an officer, vice principal, or agent of Defendant ADCOM. *Id*.

5.34    Specifically, Defendant Hunt is the owner and presiding officer of Defendant ADCOM.

5.35    At all material times Plaintiff Anderson was entitled to the protections provided under the WRA. *Id*.

5.36    The employers, Defendants, were not permitted to withhold Plaintiff's wages from her under the WRA. *Id*.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE WRA**

5.37    All previous paragraphs are incorporated as though fully set forth herein.

5.38    The WRA prohibits employers—like Defendants—from intentionally withholding an employee's wages. *See* Wash. Rev. Code Ann. § 49.52.050.

5.39    Plaintiff Anderson has been employed by Defendants and has been a covered employee entitled to the protections of the WRA.

COMPLAINT -

ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401
(361)452-1284

5.40   However, Defendants violated the WRA by wrongfully withholding Plaintiff Anderson's wages for all hours worked in excess of forty (40) hours in a workweek.

5.41   Specifically, Defendants told Plaintiff they would no longer pay her any overtime wages for her work.

5.42   Plaintiff did not knowingly submit to this wrongful withholding.

5.43   Because Defendants failed to pay Plaintiff Anderson all of her earned compensation, Plaintiff Anderson is entitled to recover exemplary damages twice the amount of the unlawfully withheld wages. *See* Wash. Rev. Code Ann. § 49.52.070.

5.44   As a result of willfully and intentionally paying Plaintiff Anderson less than she was entitled to receive under the WMWA, Defendants willfully violated the WRA.

5.45   Plaintiff Anderson is entitled to recover her unpaid overtime wages, exemplary damages, attorneys' fees, costs, and all other legal and equitable relief provided by the WRA. *See* Wash. Rev. Code Ann. §§ 49.52.070.

## VI.   RELIEF SOUGHT

Plaintiff Anderson respectfully prays for judgment against Defendants as follows:

a.   For an Order pursuant to § 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff Anderson, for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Anderson;

b.   For an Order pursuant to Washington state law awarding Plaintiff Anderson damages for unpaid wages, exemplary damages, and all other damages allowed by law;

c.   For an Order awarding the costs and expenses of this action;

d.   For an Order awarding attorneys' fees;

e.   For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

f.   For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense (should discovery prove inadequate);

COMPLAINT -

ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401
(361)452-1284

g.  For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 13 day of December 2022.

FRANK FREED SUBIT & THOMAS LLP

By:  /s/ Michael C. Subit
Michael C. Subit, WSBA # 29189
705 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: (206) 682-6711
Email: msubit@frankfreed.com

ANDERSON ALEXANDER, PLLC

By:  Clif Alexander *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
Austin Anderson *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
819 N. Upper Broadway
Corpus Christi, TX 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
Email: clif@a2xlaw.com
austin@a2xlaw.com

*Attorneys for Plaintiff*

COMPLAINT -

ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, TX 78401
(361)452-1284